## STATE v DAVIS

Ohio Appeals, 1st Dist, Hamilton Co

No 5039. Decided April 13, 1936

Louis J. Schneider, Prosecuting Attorney, Cincinnati, and Edward Strasser, Asst. Prosecuting Attorney, Cincinnati, for appellant.

John T. Monahan, Cincinnati, and Elmer Conway, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

This matter comes into this court on error from the court of common pleas of Hamilton County, Ohio, wherein a judgment was rendered in favor of the defendant, who interposed a plea of former conviction to an indictment for robbery. The State demurred to the plea and the demurrer was overruled. The state not desiring to plead further, judgment was entered dismissing the defendant.

It appears that the defendant was prosecuted in the Municipal Court of Cincinnati on the charge of receiving stolen goods and convicted.

The charge in the instant case is for robbery of the same goods, the value being set forth as $790.00.

It is obvious that the Municipal Court of Cincinnati has no jurisdiction of the crime of receiving stolen goods of the value of $790.00; its jurisdiction being limited to misdemeanors, and under §12450 GC, the line of cleavage between a misdemeanor and felony and the crime of receiving stolen goods is $35.00.

The first paragraph of the syllabus in Crowley v State of Ohio, 94 Oh St 88, provides:

"An acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense."

The defendant not having been in jeopardy before the court having jurisdiction of the claim now asserted as forming the basis for the former

conviction, it cannot be now claimed that such conviction is a bar to the present proceeding.

The judgment of the Court of Common Pleas is reversed and the cause remanded to the court of common pleas of Hamilton county, with instructions to sustain the demurrer to the plea of former conviction, and for such further proceedings as may be in accordance with law.

MATTHEWS & HAMILTON, JJ., concur.